UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMPAX LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACTAVIS LABORATORIES FL, INC. and ACTAVIS PHARMA INC., <br><br> Defendants. | Civil Action No. 15-6934 (SRC)(CLW) <br> (Consolidated) |

## STIPULATION AND ORDER

Plaintiff Impax Laboratories, Inc. ("Impax") and Defendants Actavis Laboratories FL, Inc., and Actavis Pharma Inc. (collectively, "Actavis" or "Defendants"), by their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

1. On May 9, 2017, the Court entered an Opinion and Order (the "Order") regarding claim construction (D.I. 118) concerning disputed limitations of the asserted claims of U.S. Patent No. 8,377,474. In the Order, the Court construed, among others, the term "distinct component." (D.I. 118 at 20.)

2. Based on the conclusions and analysis contained in the Court's Order regarding the disputed limitations of the '474 patent claims, Impax hereby stipulates that, without waiving and subject to its right to appeal all appealable issues, including the claim constructions contained in the Order, the Actavis products subject to Abbreviated New Drug Application Number 208522 do not infringe this patent as the claims are construed in the Order.

3. Moreover, based on the conclusions and analysis contained in the Court's Order regarding the disputed limitations of the '474 patent claims, Impax hereby stipulates that,

without waiving and subject to its right to appeal all appealable issues, including the claim constructions contained in the Order, the Actavis products subject to Abbreviated New Drug Application Number 208522 do not infringe U.S. Patent Nos. 8,454,998 and 9,089,607, (which are in the same patent family as the '474 patent and the claims of which also include the "distinct component" limitation analyzed and construed by the Court and as such are subject to the same construction) under the Court's claim construction in the Order.

4. Impax intends to appeal the Court's Order and the conclusions and analysis included therein at the appropriate time. To the extent the Court's claim construction ruling is reversed in whole or in part, Impax reserves its right to assert all claims and arguments regarding the '474, '998, and '607 patent claims consistent with the appellate mandate.

5. Based on Impax's stipulation herein regarding the '474, '998 and '607 patents, Actavis agrees to dismiss without prejudice all of its counterclaims relating to these patents. Actavis reserves its right to reassert all of its defenses and counterclaims, including but not limited to its right to challenge the validity of these patents, in the event that the Court's claim construction ruling is reversed in whole or in part and Impax asserts these patents in further district court proceedings.

| | |
|---|---|
| **PATUNAS LAW LLC** <br> *Attorney for Plaintiff* | **WALSH PIZZI O'REILLY FALANGA LLP** <br> *Attorneys for Defendants* |
| /s/ *Michael E. Patunas* <br> Michael E. Patunas <br> PATUNAS LAW LLC <br> 24 Commerce Street <br> Suite 606 <br> Newark, NJ 07102 <br> (973) 396-8740 | /s/ *Liza M. Walsh* <br> Liza M. Walsh <br> Hector D. Ruiz <br> WALSH PIZZI O'REILLY FALANGA LLP <br> One Riverfront Plaza <br> 1037 Raymond Boulevard, Suite 600 <br> Newark, NJ 07102 <br> (973) 757-1100 |
| Dated: June 7, 2017 | Dated: June 7, 2017 |

\_\_\_, 2017

**SO ORDERED.**

s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J